1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

BENJAWAN PERMPOON; JIRAPORN
KLASEUK, individuals,

12

Plaintiffs,

13

vs.

14
15
16

WELLS FARGO BANK NATIONAL
ASSOCIATION; OPTION ONE
MORTGAGE CORPORATION;
QUALITY LOAN SERVICE
CORPORATION; H & R BLOCK
MORTGAGE CORPORATION; FIRST
AMERICAN LENDERS ADVANTAGE;
DREXEL LENDING GROUP; OLD
REPUBLIC TITLE COMPANY; and
DOES 1 through 20,

17
18
19
20
21
22

Defendants.

**CASE NO. 09-CV-01140-H
(BLM)**

**ORDER:**

**(1) GRANTING DEFENDANTS
WELLS FARGO'S AND H&R
BLOCK'S MOTIONS TO
DISMISS**

**(2) DENYING AS MOOT
PLAINTIFFS' MOTION FOR
LEAVE TO AMEND &**

**(3) GRANTING 30 DAYS
LEAVE TO AMEND**

23
24
25
26
27
28

On May 27, 2009, Plaintiffs Benjawan Permpoon and Jiraporn Klaseuk filed a
complaint arising out of foreclosure proceedings on their home. (Doc. No. 1, Compl.) On
August 3, 2009, Defendant Wells Fargo Bank, N.A.'s, as trustee for ABFC 2006-OPT2 Trust,
ABFC Asset-Backed Certificates, series 2006-OPT2 ("Wells Fargo"), erroneously named
Wells Fargo Bank National Association filed a motion to dismiss Plaintiffs' complaint. (Doc.

No. 8.)  On August 4, 2009, Defendant H&R Block Mortgage Corporation filed a motion to dismiss Plaintiffs' complaint.  (Doc. No. 9.)  On August 27, 2009, Plaintiffs without leave of court filed a first amended complaint, which the Court construed as a motion for leave to amend the complaint.  (Doc. No. 16.)  On September 14, 2009, Plaintiffs filed a response in opposition to Defendants' motions to dismiss and a declaration seeking leave to amend or the opportunity to file a motion for voluntary dismissal.  (Doc. Nos. 19-20.)  Defendants filed their responses in opposition to Plaintiffs' motion for leave to amend on September 14, 2009.  (Doc. Nos. 21-22.)  On September 21, 2009, Defendants filed replies in support of their motions to dismiss.  (Doc. Nos. 23-24.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determined these matters are appropriate for resolution without oral argument and submitted them on the parties' papers on September 22, 2009.  (Doc. No. 25.)  For the reasons set forth below, the Court grants Defendants' motions to dismiss and denies as moot Plaintiffs' motion for leave to amend.

**Background**

Plaintiffs' complaint arises from a home loan secured by real property located at 3333 Chamoune Avenue, San Diego, California 92105 (the "Property").  (Doc. No. 1, Compl.) Plaintiffs assert causes of action for: (1) intentional misrepresentation; (2) breach of fiduciary duty; (3) breach of covenant of good faith and fair dealing; (4) declaratory relief' (5) quiet title' (6) Equal Credit Opportunity Act violations; (7) predatory lending; (8) negligence; (9) usury; (10) accounting; (11) violations of TILA and HOEPA; (12) violation of RESPA; (13) violation of FCRA; (14) slander of title; (15) violation of Cal. Bus. & Prof. Code §17200; (16) violation of Cal. Civ. Code §2923.6; and (17) violation of Cal. Civ. Code §2923.5.

On July 26, 2009, Plaintiffs refinanced their primary, single family home by obtaining financing from H&R Block.  (Compl. ¶¶ 6-7; Doc. No. 8, Ex. 1.)  Defendant First American Lenders Advantage was the trustee of the Property and Defendant Option One Mortgage Corporation was the servicing company of the loan.  (Compl. ¶ 8.)  Plaintiffs also obtained a second mortgage for a home equity line of credit with Defendant Drexel Lending Group, with

1 Defendant Old Republic Title Company serving as the closing agent and title insurance holder.

2 (Id. ¶ 9.)

3       As part of the initial loan application process, Plaintiffs were required to state their

4 income and allege that the accurately stated their yearly income. (Id. ¶10.) Plaintiffs allege

5 there was no request for proof of their income and that Defendants did not show Plaintiffs what

6 exact amounts were eventually stated in the loan application. (Id. ¶10.) Plaintiffs allege that

7 on the ultimate loan received, their debt to income ration ended up being 195.275%. Plaintiffs

8 allege that Defendants listed Plaintiffs' income as $12,500 per month, when in fact Plaintiff

9 Permpoon's monthly income was $2,235.67. (Id. ¶11.) Plaintiffs allege that based on their

10 true income, they were unable to qualify for the loan given to them by Defendants. (Id. ¶11.)

11 Plaintiffs also allege that during the course of the loan application process, they failed to

12 receive required disclosures and a Notice of Right to Cancel that included a transaction date

13 and the expiration date of the rescission period. (Id. ¶¶12-13.)

14       On April 22, 2008, a Notice of Default was recorded in the San Diego Recorder's

15 Office. (Doc. No. 8, Ex. 3.) On July 24, 2008, a Notice of Trustee's Sale was recorded and

16 Plaintiff's allege they received the notice on July 23, 2008. (Id., Ex. 5; Compl. ¶16.) On

17 October 14, 2008, a Trustee's Deed Upon Sale was recorded after the Property was sold to

18 Defendant Wells Fargo. (Id. ¶17; Doc. No. 8, Ex. 8.) Currently, an unlawful detainer action

19 is pending in the San Diego County Superior Court against Plaintiffs Klaseuk and Permpoon.

20 (Compl. ¶¶ 22-24.)

21                        **Discussion**

22 **I. Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6)**

23       A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests

24 the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729,

25 731 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading

26 requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule

27 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that

28 a pleading stating a claim for relief contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson,</u> 355 U.S. 41, 47 (1957).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (<u>quoting id.</u> at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir.1996); <u>see also</u> <u>Twombly</u>, 550 U.S. at 555-56.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990).  The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir.1994).  Additionally, the Court may take judicial notice of matters of public record. <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689–90 (9th Cir.2001).  Accordingly, the Court takes judicial notice of the documents provided by Defendants, as Plaintiffs refer to and rely on the documents in their complaint and they are matters of public record as all are recorded with the San Diego County Recorder's Office or are part of a court record.

## A.  Intentional Misrepresentation

Plaintiffs' first cause of action is for intentional misrepresentation (fraud).  (Compl. ¶¶ 26-34.)  Plaintiffs allege that during the course of loan negotiation and completion of the loan application, Defendants H&R Block and Drexel Lending Group "asked Plaintiffs to state their

income, without requesting or requiring documents to prove such statements." (Id. ¶¶ 28-29.) Plaintiffs allege that Defendants "completed the loan application for Plaintiffs and inserted an inflated income for Plaintiffs, without disclosing said change to them," and that "[b]ased on the inflated income, Plaintiffs were able to obtain a loan, through Defendants were clearly aware that such loan could not be afforded by Plaintiffs." (Id. ¶¶ 30-31.) Plaintiffs also allege that "during the loan application process, Defendants failed to inform Plaintiffs of their right to rescind, along with failing to disclose numerous federal safeguards in the application process." (Id. ¶ 32.)

Under California law, the elements of fraud are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.1996) (quotations omitted). Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1006 (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir.1994)). On a claim for fraud, then, a "pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)(citations omitted). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Id. Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. Id.

The Court concludes that Plaintiffs fail to state a claim for intentional misrepresentation against H&R Block and Wells Fargo. Plaintiffs allege no misrepresentations made by Wells Fargo and the alleged misrepresentations occurred during the loan application and completion

1    process.  Wells Fargo is alleged to be the purchaser of the property at the Trustee's Sale.

2    Accordingly, the Court grants Wells Fargo's motion to dismiss Plaintiffs' cause of action for

3    intentional misrepresentation.

4        Plaintiffs also fail to adequately allege a claim for intentional misrepresentation against

5    H&R Block.  Plaintiffs fail to allege their justifiable reliance on a specific misrepresentation,

6    who made such misrepresentations and when such misrepresentations were made.

7    Accordingly, the Court grants H&R Block's motion to dismiss Plaintiffs' first cause of action

8    for intentional misrepresentation.

9    **B.  Breach of Fiduciary Duty**

10        Plaintiffs' second cause of action is for breach of fiduciary duty.  (Compl. ¶¶ 35-40.)

11    Generally, barring an assumption of duty or a special relationship, "financial institutions owe

12    no duty of care to a borrower when the institution's involvement in the loan transaction does

13    not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart

14    Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991).  Although California law

15    imposes a fiduciary duty on a mortgage broker for the benefit of the borrower, no such duty

16    is imposed on a lender.  UMET Trust v. Santa Monica Med. Inv. Co., 140 Cal.App.3d 864,

17    872-73 (1983); Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989) (citing Downey

18    v. Humphreys, 102 Cal.App.2d 323, 332 (1951)) ("'A debt is not a trust and there is not a

19    fiduciary relation between debtor and creditor as such.' The same principle should apply with

20    even greater clarity to the relationship between a bank and its loan customers.").  Because

21    H&R Block as a lender owes no fiduciary duty to Plaintiffs and Wells Fargo as purchaser of

22    the Property at the Trustee's Sales owes no fiduciary duty to Plaintiffs, Plaintiffs' claim for

23    breach of fiduciary duty against H&R Block and Wells Fargo fails as a matter of law.

24    Accordingly, the Court grants Defendants' motions to dismiss Plaintiffs' second cause of

25    action against H&R Block and Wells Fargo with prejudice.

26    ///

27    ///

28    ///

**C.  Breach of Covenant of Good Faith and Fair Dealing**

Plaintiffs' third cause of action is for a breach of the covenant of good faith and fair dealing. (Compl. ¶¶ 41-46.) Plaintiffs allege that "agreements entered into between Plaintiffs and Defendants contained an implicit covenant of good faith and fair dealing requiring defendants to act honestly and in good faith in the performance of the contract(s)." (Id. ¶ 42.) Plaintiffs allege that "[t]he conduct of Defendant in purposefully overstating Plaintiffs' income and failing to disclose material information in the loan application process, constitutes a breach of the covenant." (Id. ¶ 43.)

California recognizes that every contract contains an implied covenant of good faith and fair dealing, "'impos[ing] upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose.'" 1 Witkin, Summary of California Law, Contracts § 798 (10th ed. 2005).  In order to state a claim for relief on an implied covenant theory, there must first be a contractual relationship between the parties.  Id. § 800 (citation omitted).  "The essence of the good faith covenant is objectively reasonable conduct."  Id. § 801.  A breach of the implied covenant of good faith and fair dealing requires something more than a breach of the contractual duty itself.  Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal.App.3d 1371, 1394 (1990) (citations omitted).  This "implies unfair dealing rather than mistaken judgment."  Id.

The Court concludes that Plaintiffs fail to state a claim for breach of the covenant of good faith and fair dealing.  Plaintiffs have not alleged any agreement with Wells Fargo or how Wells Fargo has unfairly interfered with Plaintiffs' rights under any alleged contract. Accordingly, the Court grants Wells Fargo's motion to dismiss Plaintiffs' third cause of action. Plaintiffs' claim for breach of the covenant of good faith and fair dealing also fails as to H&R Block.  Plaintiffs do not allege what contract was breached.  Furthermore, if Plaintiffs' action for breach of the covenant is premised not on a contractual relationship, Plaintiffs may not recover for a breach of an implied covenant, absent a "special relationship" between the borrower and lender that has "fiduciary characteristics."  Pension Trust Fund for Operating

Engineers v. Federal Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002).  Generally a special relationship does not exist between a lender and a borrower and Plaintiffs do not sufficiently allege such a special relationship with H&R Block in this case.  See Nymark, 231 Cal.App.3d at 1096.  Accordingly, the Court grants Defendant H&R Block's motion to dismiss Plaintiffs' third cause of action for breach of the covenant of good faith and fair dealing.

**D.  Declaratory Relief**

Plaintiffs' fourth cause of action is for declaratory relief and seeks a judicial determination of the rights of the parties because an actual controversy exists between Plaintiffs and Defendants and their respective rights and duties pertaining to the Property.  (Compl. ¶¶ 47-49.)

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  United States v. Washington, 759 F.2d 1353, 1356-57 (9th Cir. 1985).  A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action.  Manown v. Cal-Western Reconveyance Corp., 2009 WL 2406335, at *6 (S.D. Cal. Aug. 4, 2009).  The Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action.  Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary.  Accordingly, the Court grants Wells Fargo's and H&R Block's motions to dismiss Plaintiffs' fourth cause of action.

**E.  Quiet Title**

Plaintiffs' fifth cause of action is for quiet title.  (Compl. ¶¶ 50-54.)  To state a claim to quiet title, a complaint must be verified and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the

1   determination is sought, and (5) a prayer for the determination of the title of the plaintiff

2   against the adverse claims. Cal. Code Civ. Pro. § 761.020.

3          The Court concludes that Plaintiffs fail to sufficiently allege a cause of action for quiet

4   title against Wells Fargo and H&R Block. Plaintiffs fail to allege the "specific adverse claims"

5   that form the basis of the property in dispute. See Cal. Code Civ. Pro. § 761.020, cmt. at ¶ 3.

6   Plaintiffs allege this cause of action against all Defendants.  This is insufficient to give

7   Defendants notice of grounds upon which Plaintiffs base their cause of action.  Accordingly,

8   the Court grants Wells Fargo's and H&R Block's motions to dismiss Plaintiffs' cause of action

9   for quiet title.

10  **F.  Equal Credit Opportunity Act**

11         Plaintiff's sixth cause of action is for violation of the Equal Credit Opportunity Act, 15

12  U.S.C. §1691.  (Compl. ¶¶ 55-61.)  Plaintiffs allege that, "Defendants discriminated against

13  Plaintiffs on the basis of race, color, religion, national origin, sex, marital status, age, receipt

14  of public assistance or because Plaintiffs have exercised any of his[sic] rights as detailed in the

15  Equal Credit Opportunity Act." (Id. ¶ 57.)  Plaintiffs allege that Defendants, in the course and

16  conduct of making the mortgage, failed to, within 30 days of receipt of a completed application

17  for credit, notify that Plaintiffs of its action on the application in violation of 15 U.S.C.

18  §1691(d)(1).  (Id. ¶ 58.)  Plaintiffs also allege that Defendants in the course and conduct of

19  making the mortgage failed to, after taking adverse action on Plaintiffs' request, provide a

20  statement in writing of the reasons why adverse action was taken in violation of 15 U.S.C.

21  §1691(d)(2).  (Id. ¶ 59.)

22         The Court concludes that Plaintiffs fail to sufficiently allege a cause of action for a

23  violation of the Equal Credit Opportunity Act against Wells Fargo and H&R Block. Plaintiffs'

24  allegations concerning the alleged violations relate to the course and conduct of making the

25  mortgage.  Wells Fargo is not alleged to have been involved in any way in making the

26  mortgage and is only alleged to be the purchaser at the Trustee's Sale.  Therefore, Plaintiffs'

27  allegations fail to state a claim against Wells Fargo for conduct related to the making of the

28  mortgage.  Plaintiffs' allegations concerning the alleged wrongful conduct under the Equal

Credit Opportunity Act are also conclusory and fail to put Defendants on sufficient notice. Plaintiff, without further factual enhancement, only makes conclusory allegations that they were discriminated against in violation of 15 U.S.C. §1691(a). Plaintiffs do not even identify what protected characteristic they claim or what the allegedly discriminatory act was. Plaintiffs also fail to identify what the alleged adverse action was, and by whom it was taken, in violation of 15 U.S.C. §1691(d). Furthermore, Plaintiffs' claim under the Equal Credit Opportunity Act is time-barred, as §1691e(f) requires that any action under the Act be brought no later than two years from the occurrence of the violation. 15 U.S.C. §1691e(f). Plaintiffs allege that the violations occurred in the course and conduct of making the loan. The loan was executed in July 2006 and this action was commenced in May 2009. Accordingly, the Court grants Wells Fargo's and H&R Block's motions to dismiss Plaintiff's cause of action for violation of the Equal Credit Opportunity Act with prejudice.

**G. Predatory Lending**

Plaintiffs' seventh cause of action is for predatory lending in violation of California Financial Code §4970, et seq. (Compl ¶¶62-66.) Plaintiffs allege that, "the conduct of Defendants was in violation of California's predatory lending laws." (Id. ¶63.) Plaintiffs' bare bone conclusory allegations fail to provide sufficient notice to Defendants of their alleged wrongdoing. Plaintiffs do not specify how Wells Fargo or H&R Block violated § 4970, et seq. or how Plaintiffs' loans were covered loans under the statute. Accordingly, the Court grants Wells Fargo's and H&R Block's motion to dismiss Plaintiffs' cause of action for predatory lending.

**H. Negligence**

Plaintiffs' eighth cause of action is for negligence. (Compl. ¶¶ 67-71.) Plaintiffs allege that Defendants owed a duty of due care to Plaintiffs and that Defendants breached by "negligently placing Plaintiffs in the above described loans." (Id. ¶ 68.) Plaintiffs allege that they have suffered monetary and non-monetary damages as a result of the alleged breach. (Id. ¶ 69.)

To state a claim for negligence, a plaintiff must allege a legal duty to use due care, a

1   breach of that legal duty, and the breach as the proximate or legal cause of the resulting injury.

2   Ladd v. County of San Mateo, 12 Cal.4th 913, 917-18 (1996).  Plaintiffs have not sufficiently

3   alleged a legal duty as to Wells Fargo or H&R Block, as Wells Fargo has no alleged role in

4   making or servicing the loan and H&R Block is alleged to be a lender.  See  Nymark, 231

5   Cal.App.3d at 1096 ("financial institutions owe no duty of care to a borrower when the

6   institution's involvement in the loan transaction does not exceed the scope of its conventional

7   role as a mere lender of money").  Moreover, to the extent Plaintiffs' claims for negligence are

8   based upon an alleged breach of duty at the time of signing the loan and Deed of Trust they

9   may be barred by the two year statute of limitations, as the note and Deed of Trust originated

10  in July 2006 and Plaintiffs commenced this action in May 2009.  See Molski v. Gleich, 318

11  F.3d 937, 958 (9th Cir. 2003); Cal. Civ. Pro.Code §335.1; id. §339.  Plaintiffs do not allege

12  any basis for tolling the statute of limitations.  Thus, Plaintiffs' claims for negligence is

13  dismissed as to Wells Fargo and H&R Block.

14  **I.  Usury**

15      Plaintiffs' ninth cause of action is for usury pursuant to the California Constitution.

16  (Compl. ¶¶ 72-78.)  Plaintiffs allege that "the interest rate on the loan is usurious" in violation

17  of the California Constitution and that "within 2 years preceding the bringing of this action,

18  Plaintiffs made payments to defendant on Notes for each loan."  (Id. ¶¶ 73-74.)

19      The prohibition on usury found in California's Constitution  provides: "No person,

20  association, copartnership or corporation shall be charging any fee, bonus, commission,

21  discount, or other compensation receive from a borrower more than the interest authorized

22  under this section upon any loan or forbearance of any money, goods or things in action." (Cal.

23  Const., art. XV, § 1.) "Under current California law, a loan that charges an interest rate greater

24  than 10 percent per annum is usurious."  321 Henderson Receivables Origination LLC v.

25  Sioteco, 173 Cal.App.4th 1059, 1076 (2009) (citation omitted).  However, there are many

26  exemptions from the limitation, including "any other class of persons authorized by statute."

27  Cal. Const., art. XV, §1.  The California Residential Mortgage Lending Act, Cal. Fin. Code

28  § 50000, et seq., provides that, "[t]his division creates and authorizes a class of exempt persons

pursuant to Section 1 of Article XV of the California Constitution." Cal. Fin. Code § 50005. "Exempt person" under §50005 includes many types of lenders, including "[a] federally chartered savings and loan association, federal savings bank, or federal credit union that is authorized to conduct business in this state." Cal. Fin. Code § 50003.

Plaintiffs fail to state a claim against Defendants for usury. Plaintiffs do not allege that the loans challenged as violating the California Constitution fall within those loans not exempt from the limitation. As such, Plaintiffs do not sufficiently allege usurious loans in violation of the California Constitution. Plaintiffs also do not allege any loans with Wells Fargo. Accordingly, the Court grants Defendants Wells Fargo's and H&R Block's motions to dismiss Plaintiffs' ninth cause of action.

**J.  Accounting**

Plaintiffs' tenth cause of action is for accounting. (Compl. ¶¶ 79-80.) Plaintiffs' allege that, "[t]he amount of money due, if any, from Plaintiffs to Defendants is unknown to Plaintiffs and cannot be determined without an accounting." (Id. ¶ 80.) To state a claim for accounting under California law, a Plaintiff must allege a fiduciary relationship or other circumstances appropriate to the remedy and a balance due from the defendant to the Plaintiff that can only be ascertained by an accounting. See Glue-Fold, Inc. v. Slautterback Corp., 82 Cal.App.4th 1018, 1023 n.3 (2000); 5 Witkin, Cal. Proc. (4th ed. 1997) Pleading, §§ 775-77, pp. 233-35. Plaintiffs have failed to allege any fiduciary relationship between Plaintiffs and Defendants and has failed to allege a balance due from the Defendants to Plaintiff. Accordingly, the Court grants Defendants Wells Fargo's and H&R Block's motions to dismiss Plaintiff's cause of action for accounting.

**K.  TILA & HOEPA**

Plaintiffs' eleventh cause of action is for violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. 1601, et seq., and the federal Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §1602, et seq, including TILA's implementing Regulation Z, 12 C.F.R. §226.1, et seq. (Compl. ¶¶ 81-93.) Plaintiffs allege that "Defendant is a 'creditor'" and that "the loan made to Plaintiffs in this action was a HOEPA mortgage loan." (Id. ¶ 88.) Plaintiffs

1    allege that in the course and conduct of offering and making the loan to Plaintiffs, defendants

2    violated the requirements of HOEPA and Regulation Z by failing to disclose certain terms in

3    writing at least three business days prior to the consummation of a HOEPA mortgage loan

4    transaction. (Id. ¶ 89.) Plaintiffs also allege that Defendants violated HOEPA and Regulation

5    Z in the course and conduct of offering and making the loan by including a prohibited balloon

6    payment provision and by including a prohibited increased interest rate after default provision.

7    (Id. ¶ 90.) Plaintiffs allege Defendants violated HOEPA and Regulation Z by engaging in a

8    pattern or practice of extending credit to Plaintiffs based on Plaintiffs' collateral rather than

9    considering Plaintiffs' current and expected income, current obligations, and employment

10   status to determine whether Plaintiffs could make scheduled payments. (Id. ¶ 91.)

11        TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit

12   terms." 15 U.S.C. §1601(a). Its provisions impose certain duties on creditors. The statute

13   itself defines "creditor" as referring only to "the person to whom the debt arising from the

14   consumer credit transaction is initially payable on the face of the evidence of indebtedness."

15   15 U.S.C. §1602(f). TILA has been amended to extend liability to assignees of the original

16   creditor in certain situations. 15 U.S.C. § 1641(a). However, this provision applies "only if

17   the violation for which such action or proceeding is brought is apparent on the face of the

18   disclosure statement, except where the assignment was involuntary." Id. Section 1639(h) of

19   HOEPA provides that "[a] creditor shall not engage in a pattern or practice of extending credit

20   to consumers under mortgages referred to in section 1602(aa) of this title based on the

21   consumers' collateral without regard to the consumers' repayment ability, including the

22   consumers' current and expected income, current obligations, and employment." 15 U.S.C.

23   § 1639(h). The provisions of HOEPA apply to a mortgage secured by the consumer's principal

24   dwelling if, "the annual percentage rate at consummation of the transaction will exceed by

25   more than 10 percentage points the yield on Treasury securities . . . or the total points and fees

26   payable by the consumer at or before closing will exceed the greater of (i) 8 percent of the total

27   loan amount; or (ii) $400." 15 U.S.C. §1602(aa).

28        A request for any damages under TILA or HOEPA is subject to a one year statute of

1  limitations, typically running from the date of the loan execution.  15 U.S.C. §1640(e).  The

2  Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be

3  appropriate "in certain circumstances," such as when a borrower might not have had a

4  reasonable opportunity to discover the nondisclosures at the time of loan consummation. King

5  v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). Courts then have discretion to "adjust

6  the limitations period accordingly." Id. The applicability of equitable tolling often depends on

7  matters outside the pleadings. Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir.

8  1995) (citation omitted.)  Therefore, the determination "is not generally amenable to resolution

9  on a Rule 12(b)(6) motion." Id.

10  Under TILA, "[a]n obligor's right of rescission shall expire three years after the date

11  of consummation of the transaction or upon the sale of the property, whichever occurs first."

12  15 U.S.C. §1635(f); Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002)

13  (holding courts are deprived of subject matter jurisdiction when a §1635 claim is brought

14  outside the three year limitation period).

15  The Court concludes that Plaintiffs' complaint fails to state a claim under TILA, or

16  HOEPA.  Plaintiffs insufficiently allege how Wells Fargo is liable under TILA or HOEPA, as

17  Wells Fargo is not alleged to be a creditor and is only alleged to have purchased the Property

18  at the Trustee's Sale.  Plaintiffs also do not sufficiently allege that the loan with H&R Block

19  falls within HOEPA; they only make conclusory allegations that it was a "HOEPA mortgage

20  loan" without factual enhancement explaining how the terms of their loan qualify it for

21  HOEPA's additional requirements.  Furthermore, it appears Plaintiffs' claims are time-barred.

22  Plaintiffs' loan was executed on July 26, 2006, and this action was filed on May 27, 2009.

23  (Compl. ¶ 6.) Plaintiffs allege that the purported TILA and HOEPA violations occurred during

24  the course and conduct of offering and making the loan.  Therefore, Plaintiffs do not allege that

25  H&R Block, or any Defendant, failed to make required disclosures or otherwise violated TILA

26  or HOEPA in the appropriate time frame.  Additionally, Plaintiffs have not demonstrated any

27  entitlement to equitable tolling.  Plaintiffs are also not entitled to rescission under TILA or

28  HOEPA, as the Property has been sold.  Accordingly, the Court dismisses Plaintiffs' cause of

action for damages based upon TILA and HOEPA violations without prejudice against Wells Fargo and H&R Block and dismisses Plaintiffs' cause of action for rescission based upon TILA and HOEPA violations against Wells Fargo and H&R Block with prejudice.

**L. RESPA**

Plaintiffs' twelfth cause of action is for a violation of the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. (Compl. ¶¶ 94-101.)  Plaintiffs allege on information and belief that "in the course of offering and making the RESPA mortgage loan to Plaintiff, defendants violated the requirements of RESPA by failing to do" the initial good faith estimate, the final good faith estimate, a notice of assignment, sale or transfer or servicing rights, and an escrow account disclosure."  (Id. ¶ 98.)  Plaintiffs also allege that Defendants violated § 2607 of RESPA by "providing a person with a fee, kickback or thing of value pursuant to any agreement or understanding . . . that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person" and by "providing a fee portion, split or percentage of any charge made or received for the rendering of real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed."  (Id. ¶ 99.) Plaintiffs allege that Defendants also violated § 2608 of RESPA by, "requiring, directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company."  (Id. ¶ 100.)

Plaintiffs' allegations that Defendants violated RESPA by failing to do an initial good faith estimate, the final good faith estimate, and an escrow account disclosure fail to sufficiently state a claim against Wells Fargo and H&R Block.  Wells Fargo is not alleged to have participated in the loan origination process and thus had no duty to do any of the alleged activities.  Plaintiffs also fail to allege what provision of RESPA these failures violate and fail to enhance their allegations with facts to make their claim to relief rise above a speculative level.  Plaintiffs' conclusory allegations are insufficient to state a claim for a violation of RESPA against Wells Fargo and H&R Block.

Plaintiffs also allege Defendants violated RESPA by failing to notify Plaintiffs that the

servicing of the loan was transferred.  RESPA provides that, "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person" and that "[d]uring the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower."  12 U.S.C. § 2605(b)(1) & (d).  "Servicer" is defined in the statute as, "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)."  12 U.S.C. § 2605(i)(2). Plaintiffs' complaint fails to state a claim against Wells Fargo and H&R Block for failing to notify, as Plaintiffs allege that Option One Mortgage Corporation is the servicer of the loan with H&R Block and makes no allegations that either Wells Fargo or H&R Block was ever a servicer of either loan.

Section 8(a) of RESPA provides that, "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."  12 U.S.C. § 2607(a).  RESPA contains a one year statute of limitations for any action brought pursuant to the provisions of section 8.  12 U.S.C. §2614.  Plaintiffs' loan was executed in 2006 and the complaint in this case was filed in 2009.  Apart from Plaintiffs' completely legally conclusory allegations concerning a purported violation of section 8(a), Plaintiffs fail to allege when any prohibited fee or kickback was given, who gave it, or who received it.  Absent factual enhancement of Plaintiffs' conclusory allegations, it appears Plaintiffs' cause of action for a violation of section 8(a) is time barred.  These allegations are insufficient to state a claim against Wells Fargo and H&R Block for a violation of section 8(a).

Plaintiffs also allege that Defendants violated § 2608 of RESPA. Section 2608 provides that, "[n]o seller of property that will be purchased with the assistance of a federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company."  12 U.S.C. § 2608(a).  Plaintiffs fail to state a claim under RESPA based on an

alleged violation of this section.  From the face of Plaintiffs' complaint, Plaintiffs did not purchase the Property with the assistance of a federally related mortgage loan because Plaintiffs obtained the loan with H&R Block through a refinance and the loan with Drexel Lending Group for a home equity line of credit.  (Compl. ¶¶ 6-9.)  Therefore, this statutory provision does not apply to the loans at issue based upon Plaintiffs' allegations.  Furthermore, Plaintiffs make only conclusory allegations as they merely repeat the statutory language in the complaint.

Because all of Plaintiffs' allegations concerning violations of different provisions of RESPA fail to state a claim, the Court grants Wells Fargo's and H&R Block's motions to dismiss Plaintiffs' cause of action for violations of RESPA.  The Court also notes that Plaintiffs seek rescission based upon the alleged RESPA violations; however, RESPA does not provide for rescission as a remedy for a violation of § 2605 or a violation of section 8.  12 U.S.C. §§ 2605(f) & 2607(d).

**M.  FCRA**

Plaintiffs' thirteenth cause of action is for violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq.  (Compl. ¶¶ 102-107.)  Plaintiffs allege that Defendants violated the FCRA in the course and conduct of offering and making the mortgage to Plaintiffs by failing to provide credit scores, failing to provide Notice to Home Loan Applicant, failing to provide Risk-Based Pricing Notice, and failing to make Investigative Consumer Report Disclosure.  (Id. ¶ 106.)

The Court concludes that Plaintiffs fail to state a claim against Wells Fargo and H&R Block for a violation of the FCRA.  Plaintiffs make no allegations that Wells Fargo was involved in the loan origination and therefore had a duty to provide the alleged documents. Plaintiffs also do not identify who failed to provide the alleged documents.  Plaintiffs make only conclusory allegations that "Defendants violated numerous provisions of the FCRA" and failed to provide the documents.  Furthermore, Plaintiffs' cause of action under the FCRA may be time-barred.  The FCRA has a two year statute of limitations period that commences "after the date of discovery by the plaintiff of the violation that is the basis for such liability."  15

U.S.C. 1681p.  Plaintiffs have not alleged when they discovered the alleged violations. Accordingly, the Court grants Wells Fargo's and H&R Block's motion to dismiss Plaintiffs' cause of action under the FCRA.

**N.  Slander of Title**

Plaintiffs' fourteenth cause of action is for slander of title.  (Compl. ¶¶ 108-112.) Plaintiffs allege that "Defendants improperly attempted to sell Plaintiffs' home through a foreclosure sale and have recorded and/or caused to be recorded documents with the San Diego County Recorder's Office which contain false statements and representations."  (Id. ¶ 111.)

Slander of title is a "tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage." Southcott v. Pioneer Title Co., 203 Cal.App.2d 673, 676.  A disparaging statement is one intended to cast doubt on the existence or extent of one's interest in the property.  Glass v. Gulf Oil Corp., 12 Cal.App.3d 412, 423.  In Kachlon v. Markowitz, 168 Cal.App.4th 316, 333 (2008), the court held that "section 2924 deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of nonjudicial foreclosure procedures, to be privileged communications under the qualified, common-interest privilege of [Civ. Code] section 47, subdivision (c)(1)."

The Court concludes that Plaintiffs fail to state a claim for slander of title against Wells Fargo and H&R Block.  The recorded documents alleged to contain false statements and representations are privileged and Plaintiffs fail to allege, other than mere conclusory allegations of a derogatory false statement, any other qualifying statements.  Accordingly, the Court grants Wells Fargo's and H&R Block's motion to dismiss Plaintiffs' cause of action for slander of title.

**O.  Unfair Competition Law**

Plaintiffs' fifteenth cause of action is for a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.  (Compl. ¶¶ 113-116.)  The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200. Persons authorized to bring claims under the UCL are "those who have suffered injury in fact

and lost money or property as a result of the unfair competition." Id. § 17204.

Plaintiffs do not specify what business act or practice of any particular Defendant violates the UCL. Plaintiffs fail to allege any law that Wells Fargo or H&R Block violated and points to no "borrowed claim" upon which Plaintiffs can base liability for a UCL claim based on unlawful conduct. See People v. McKale, 25 Cal.3d 626, 635 (1979) (holding a plaintiff must allege facts to demonstrate that the practice violates the underlying law). Plaintiffs also do not allege facts supporting a claim under the UCL based upon an unfair practice, as Plaintiff does not allege that Wells Fargo or H&R Block engaged in a pattern of behavior or a course of conduct. See Hewlett v. Squaw Valley Ski Corp., 54 Cal.App.4th 499, 519 (1977) (finding that the phrase "business practice" in section 17200 indicates that the statute is directed at ongoing wrongful conduct, not a single isolated act). Plaintiffs also do not sufficiently allege facts entitling them to relief under the UCL's fraudulent prong, as Plaintiffs fail to plead fraudulent representations with particularity and makes no allegations concerning how members of the public are likely to be deceived by the alleged conduct. See Williams v. Gerber Products Co., – F.3d –, 2008 WL 5273731 at *3 (9th Cir. Dec. 22, 2008). Accordingly, the Court dismisses Plaintiffs' cause of action for a violation of the UCL against Wells Fargo and H&R Block.

**P.  California Civil Code §2923.6**

Plaintiffs' sixteenth cause of action is for a violation of California Civil Code § 2923.6. (Compl. ¶¶ 117-121.) Plaintiffs allege that Defendants "were required to implement a loan modification plan if said loan was in payment default or default was reasonably foreseeable and where anticipated recovery under the modification exceeds the anticipated recover through foreclosure." (Id. ¶ 119.) Plaintiffs' claim under § 2923.6 fails because § 2923.6 does not impose a duty on servicers of loans to modify the terms of the loans or creates a private right of action for borrowers. Accordingly, the Court dismisses Plaintiffs' cause of action under 2923.6 against Wells Fargo and H&R Block with prejudice.

**Q.  California Civil Code §2923.5**

Plaintiffs' seventeenth cause of action is for a violation of § 2923.5. (Compl. ¶¶ 122-

127.)  Plaintiffs allege that Defendants failed to assess the Plaintiffs' financial situation and explore options for Plaintiffs to avoid foreclosure, thirty (30) days prior to filing the Default." (Id. ¶ 123.)  Plaintiffs also allege that "Defendants were required to reasonably describe any and all due diligence they took in efforts to contact the Plaintiff thirty (30) days before filing the Default."  (Id. ¶ 125.)

Section 2923.5 became operative September 6, 2008 and states:

If a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and did not subsequently file a notice of rescission, then the mortgagee, trustee, beneficiary, or authorized agent shall, as part of the notice of sale filed pursuant to Section 2924f, include a declaration that either:

(1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure.

(2) Lists the efforts made, if any, to contact the borrower in the event no contact was made.

Cal. Civ. Code § 2923.5(c). In a letter to the California Senate, the author of the statute specifically stated that, "it is not intended that Section 2923.5(c) apply to those situations where a notice of sale has already been recorded prior to the operative date of this section." Letter from Don Perata, President Pro Tempore of the California State Senate, to Gregory Schmidt, Secretary of the California State Senate (Aug. 29, 2008) (published in The Senate Daily Journal for the 2007-2008 Regular Session, pp. 5431-32.)  The Notice of Default in this case was recorded on April 22, 2009, prior to the passage of § 2923.5 on July 8, 2008, and the Notice of Sale was recorded on July 24, 2008, prior to the operative date of the statute on September 6, 2008.  (Doc. No. 8, Exs. 3 & 5.)  Thus, it appears that Plaintiffs cannot state a claim for relief under § 2923.5(c).  Accordingly, the Court dismisses Plaintiffs' cause of action for violation of § 2923.5 against Wells Fargo and H&R Block with prejudice.

///

///

09cv1140

1

## Conclusion

2          For the reasons set forth above, the Court GRANTS Defendant Wells Fargo's motion

3     to dismiss, GRANTS Defendant H&R Block's motion to dismiss, and DENIES AS MOOT

4     Plaintiffs' motion for leave to amend.  Plaintiffs may file an amended complaint curing the

5     noted deficiencies within 30 days of the date of this order.

6          **IT IS SO ORDERED.**

7     DATED: September 29, 2009

8
                                                   _____
9                                                  MARILYN L. HUFF, District Judge
                                                   UNITED STATES DISTRICT COURT
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28